UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

SHEWANDA HALL,

    Plaintiff,

v.

CITY OF MIAMI,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, SHEWANDA HALL ("HALL") and sues Defendant, CITY OF MIAMI ("CITY"), for violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq. ("Title VII" or the "Act"), and in support she alleges as follows:

## JURISDICTION & VENUE

1. This is an action brought to remedy unlawful employment practices by CITY, for discrimination and retaliation in violation of Title VII for which this Court has federal question jurisdiction and a common law claim for malicious prosecution for which this Court has supplemental jurisdiction, pursuant to 28 USC §§ 1331 and 1367.

2. HALL is over the age of 18 and is a resident of this District at all relevant times.

3. CITY is a municipality located in this District.

4. All relevant acts, including the employment of HALL occurred in this District.

## FACTUAL ALLEGATIONS

*Race:*

5. HALL is African American.

*Improper Classification:*

6. At all relevant times, HALL was employed by the CITY as an Investigator.

7. Indeed, HALL was the only Black Chief Investigator at the CITY during the relevant time frame.

8. HALL worked for the CITY from on or about March 12, 2008, until February 14, 2014.

9. At all relevant times, Cristina Beamud was HALL's supervisor and held the position of Executive Director.

10. Her predecessor was Steven Wolf, a White male, who earned considerably more than HALL for performing the same or substantially the same job duties.

11. Due to the stark difference in pay, over the course of her employment, including November of 2013, HALL made numerous requests to reclassify her position in order for her to receive a pay raise to bring her pay in line with not only the White male predecessor's pay.

12. Despite her requests, she did not receive the proper reclassification.

13. Conversely when her White or Hispanic comparators requested reclassification due to working out of class, they received the proper reclassification and the commensurate pay raises.

*Discrimination:*

14. During HALL's employment, Beamud took adverse job actions against Black employees, while treating non-Black employees more favorably.

15. During HALL's employment, upon information and belief, Beamud made derogatory comments about HALL's race, including that: "Black people are like animals-- haha" and ridiculed the way HALL and another Black woman spoke.

16. Beamud also treated HALL in a discriminatory manner due to HALL's race and/or gender, since HALL was paid less than her male predecessor though she performed the same or substantially the same job duties and reclassified the non-Black comparators and increased their salaries.

17. In addition to that, Beamud subjected HALL to increased scrutiny over her work in comparison to the non-Black comparators.

*Retaliation:*

18. HALL complained and opposed the CITY's refusal to reclassify her position and pay her properly and similarly to her non-Black and non-female comparator.

19. Beamud put a halt to the reclassification of HALL's position even though HALL was paid substantially less than her male, White predecessor.

3

20. The CITY, conversely, reclassified employees who were White and non-Black.

## CONDITIONS PRECEDENT

21. All conditions precedent have been satisfied or have been waived, including timely filing of a Charge of Discrimination.

## ATTORNEYS' FEES

22. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable fees.

## COUNT I- RACE DISCRIMINATION IN VIOLATION OF TITLE VII

23. Plaintiff repeats and re-alleges her allegations made in paragraphs 1 through 22 of this Complaint.

24. HALL is a member of a protected class, Black.

25. HALL's predecessor was a White man.

26. HALL was treated adversely by her supervisor, Beamud, due to her race.

27. The CITY treated Non-Black comparators more favorably than HALL, including receiving the proper employment classification, raises, and salary increases.

28. As a result, HALL has suffered damages.

WHEREFORE, Plaintiff, HALL, respectfully requests that this Court grant judgment in her favor and against Defendant, CITY, and award compensatory

damages, back pay, front pay, attorneys' fees costs and such other further relief that this Court deems just and equitable.

### **COUNT II-SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

29. Plaintiff repeats and re-alleges her allegations made in paragraphs 1 through 22 of this Complaint.

30. HALL is a member of a protected class, female.

31. HALL performed substantially the same duties as the predecessor, who was a White male.

32. HALL was paid less than the White male predecessor for performing the same or substantially the same job functions.

33. As a result, HALL has suffered damages.

WHEREFORE, Plaintiff, HALL, respectfully requests that this Court grant judgment in her favor and against Defendant, CITY, and award compensatory damages, back pay, front pay, attorneys' fees costs and such other further relief that this Court deems just and equitable.

### **COUNT III-RETALIATION IN VIOLATION OF TITLE VII**

34. Plaintiff repeats and re-alleges her allegations made in paragraphs 1 through 22 of this Complaint.

35. HALL's complaints about race and gender discrimination amounted to a statutorily protected activity.

36. After HALL complained about the failure of the CITY to reclassify her position and pay differential because of her protected categories (race and gender), she suffered material adverse job actions.

37. The adverse job actions were causally related to her complaints about discrimination.

38. Plaintiff has suffered lost wages, compensatory damages, mental anguish and suffering as a result of the retaliation by CITY.

39. HALL states that Defendant's actions were in willful and malicious disregard of the Act's anti-retaliation provisions.

40. HALL is entitled to reasonable attorneys' fees and costs in the event she prevails in this claim pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff, HALL, respectfully requests that this Court grant judgment in her favor and against Defendant, CITY, and award compensatory damages, back pay, front pay, attorneys' fees costs and such other further relief that this Court deems just and equitable.

## JURY TRIAL DEMAND

HALL demands a jury trial on all issues so triable.

Dated this 8th day of July 2019.

                Respectfully submitted,

By:   */s/ Gina Cadogan*
GINA MARIE CADOGAN
Fla. Bar. 177350
Cadogan Law
300 S. Pine Island Road, Suite 107

6

Plantation, FL 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: kathy@cadoganlaw.com